**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: FERNANDO DAMAIA; GINA
DAMAIA,
<u>Debtors.</u>

CITICORP REAL ESTATE,
INCORPORATED,
<u>Appellant,</u>

v.                                                                      No. 99-2354

FERNANDO DAMAIA; GINA DAMAIA,
<u>Debtors-Appellees,</u>

v.

UNITED STATES TRUSTEE,
<u>Party-in-Interest.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-850-AW, BK-96-18581-PM,
98-1264-PM)

Argued: June 8, 2000

Decided: July 17, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** John Carney Hayes, Jr., NIXON PEABODY, L.L.P., Washington, D.C., for Appellant. Richard Brian Rosenblatt, GARZA, REGAN, ROSENBLATT & SOTO, P.C., Rockville, Maryland, for Appellees. **ON BRIEF:** Christopher M. Cihon, NIXON PEABODY, L.L.P., Washington, D.C., for Appellant. Linda M. Dorney, GARZA, REGAN, ROSENBLATT & SOTO, P.C., Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Citicorp Real Estate, Incorporated (Citicorp) appeals an order of the district court reversing a revocation by the bankruptcy court of the discharge in bankruptcy of Fernando and Gina DaMaia. Finding no error, we affirm.

I.

This bankruptcy action began in October 1996 when the DaMaias filed a joint petition for personal bankruptcy with the United States Bankruptcy Court for the District of Maryland pursuant to Chapter 7 of the Bankruptcy Code. See 11 U.S.C.A.§§ 701-728 (West 1993 & Supp. 2000). The bankruptcy court granted the DaMaias' discharge on April 24, 1997, and the case was closed on February 3, 1998. Approximately one year after the discharge had been granted, Citicorp, the DaMaias' largest creditor, moved successfully to reopen the case. Citicorp subsequently commenced an adversary proceeding to revoke the discharge. As support for the relief requested, Citicorp asserted that the DaMaias knowingly and fraudulently failed to properly notify Citicorp of the bankruptcy action, made false statements

2

in the bankruptcy petition and schedules, and concealed property that otherwise would have been property of the estate. Citicorp also alleged that it did not learn of the fraud until after the discharge was granted. During a bench trial, Citicorp presented evidence supporting many of its allegations, but presented no evidence concerning when it learned of the alleged fraud. The undisputed evidence in the record was that Citicorp's lawyers learned of the DaMaias' bankruptcy filing in January 1997 and began investigating the matter the very next week.

At the close of trial, the bankruptcy court held in favor of Citicorp and revoked the discharge pursuant to 11 U.S.C.A.§ 727(d). In revoking the discharge, the court found that Mr. DaMaia owned an equitable interest in a restaurant, which the DaMaias wrongfully failed to disclose in their bankruptcy petition and schedules, and that the DaMaias intentionally failed to provide Citicorp with notice of the bankruptcy filing.

On appeal, the district court reversed the revocation, concluding (1) that the bankruptcy court erred as a matter of law in attributing the assets of the restaurant to Mr. DaMaia because he was not an equitable owner of the restaurant and Citicorp did not demonstrate that the corporate veil should be pierced in any event; and (2) that Citicorp had failed to prove the second element of § 727(d)(1)--that Citicorp was unaware of the debtors' fraud until after discharge was granted.

II.

Citicorp first contends that the district court erred in reversing the revocation of the discharge, arguing that the bankruptcy court made a factual finding that Citicorp did not have notice of the fraud until after the discharge was entered and that that finding was not clearly erroneous. See Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.), 204 F.3d 124, 127 (4th Cir. 2000) (explaining that we review the legal conclusions of the bankruptcy court and district court de novo and the factual findings of the bankruptcy court for clear error). We disagree.[1]

_____

[1] Because we affirm the conclusion of the district court that Citicorp was not entitled to revocation under § 727(d)(1) on this ground, we do not address Citicorp's challenges to the other reasons provided by the district court for its conclusion that the elements of § 727(d)(1) were not satisfied.

Section 727(d)(1) states in pertinent part,

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .

11 U.S.C.A. § 727(d)(1) (emphasis added)."[A] party requesting revocation of a discharge has the burden of proving its lack of knowledge of the fraud before discharge, and failure to carry this burden is fatal to the party's case." 6 Collier on Bankruptcy ¶ 727.15[3] (Lawrence P. King ed., 15th ed. rev. 2000).

It is undisputed that Citicorp's lawyers learned of the bankruptcy filing in January 1997, more than three months prior to the discharge, and began to investigate the matter the very next week. Counsel obviously learned of the alleged fraud at some subsequent time. The record simply does not reflect whether that time was before or after the discharge. Accordingly, the bankruptcy court should have concluded that Citicorp failed to meet its burden of proving that it did not learn of the fraud until after the discharge was granted.

Citicorp argues that the exception to the requirements of § 727(d)(1) created by the Second Circuit in Citibank, N.A. v. Emery (In re Emery), 132 F.3d 892 (2d Cir. 1998), would apply even if Citicorp had not otherwise presented sufficient evidence. We disagree. In Emery, the Second Circuit was called upon to decide whether a creditor could seek revocation of a discharge under § 727(d)(1) when the creditor learned of the debtor's fraud after the expiration of the time period in which the creditor was allowed to object to the discharge, but before the discharge order was entered.[2] See Emery, 132 F.3d at

_____

[2] Bankruptcy Rule 4004(a) provides that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. 4004(a).

4

894. This "gap period" came about because the bankruptcy court granted the discharge 80 days after the expiration of the period allowed for objecting to discharge instead of immediately after expiration of the period.**3** See id. at 895. The Emery court heldthat the fact that the discharge was granted late, thereby causing the creditor to learn of the fraud before the discharge was granted but after he could do anything about it, did not deprive the creditor of its right to object to the discharge of the claim. See id. at 896. The court reasoned that Congress intended the expiration of the time to file an objection to the discharge and the issuance of discharge to be a unitary event, and never contemplated that they would not be. See id. at 895. Thus, the court determined that Congress did not intend in these circumstances to require the creditor to prove that it learned of the fraud only after the discharge in order to revoke the discharge under § 727(d)(1). See id. at 895-96.

This exception plainly does not apply here. Unlike the creditor in Emery, Citicorp presented no evidence that it did not learn of the fraud at issue until after the time for objecting to the discharge had expired. Accordingly, the district court correctly reversed the order of the bankruptcy court revoking the discharge under§ 727(d)(1).

III.

Citicorp maintains that even if the revocation of the discharge was not supportable under 11 U.S.C.A. § 727(d)(1), the district court erred in reversing the revocation because Citicorp satisfied the elements of 11 U.S.C.A. § 727(d)(2). We disagree.

Section 727(d)(2) allows revocation when

> the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to

---

**3** Bankruptcy Rule 4004(c)(1) provides, with exceptions not relevant here, that "[i]n a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), the court shall forthwith grant the discharge." Fed. R. Bankr. 4004(c)(1) (emphasis added).

> report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

11 U.S.C.A. § 727(d)(2) (emphasis added). A careful reading of this section reveals that it applies only to property acquired by a debtor after his petition has been filed. See 6 Collier on Bankruptcy ¶ 727.15[4].**4** Here, Citicorp has neither alleged nor proven that DaMaia acquired property that was property of the bankruptcy estate, or became entitled to any estate property, after the commencement of the case. Accordingly, Citicorp was not entitled to a revocation under this section.

IV.

For all of these reasons, we conclude that the district court correctly reversed the revocation of the DaMaias' discharge.

AFFIRMED

_____

**4** We note that in In re Yonikus, the Seventh Circuit affirmed a discharge revocation under § 727(d)(2) when the debtor did not disclose a pre-petition personal injury claim. See In re Yonikus, 974 F.2d 901, 904-06 (7th Cir. 1992). However, the debtor in Yonikus apparently did not argue that the section was inapplicable.

6